## GALE vs. BEST, Executor &c.

*County court—Its disallowance of claim, when a bar to an action in circuit court— Claim for purchase money before execution of deed.*

1. A disallowance by a county court of a claim against the estate of a deceased person of which it had jurisdiction in fact, not being appealed from, is a bar to a subsequent action on the same claim in the circuit court, although such disallowance was made upon the ground of a want of jurisdiction.

2. Where, in a contract for the sale of land, the vendor's covenant is, that he will convey, &c., if the purchaser shall first make the payments on his part to be made, the right of action for the purchase money, after default in payment, is perfect without any tender of a deed.

3. But even where the tender of a deed is necessary before the vendor has an absolute right to the purchase money, the county court may allow a claim for such money against the estate of the purchaser, and direct it to be paid *on condition* that such deed be executed and tendered.

APPEAL from the Circuit Court for *Jackson* County.

Action for for the amount alleged to be due on a contract for the sale and purchase of land, executed by the plaintiff as vendor, and Jesse Pardun, the defendant's testator, as purchaser. The covenant of the vendor is, that if the purchaser "shall first make the payments and perform the covenants hereinafter mentioned on his part to be performed," he (said vendor) will convey, &c. The defense was that the claim had been presented to the county judge of said county, and the same had been disallowed. Reply in denial.

On the trial, the plaintiff read in evidence the contract declared on, proved title to the land in himself, and delivered to the court a warranty deed of the premises, to be delivered to the defendant if the court should so direct. The defendant called the county judge as a witness, and put in evidence the record of the presentation of the claim to him and his disallowance thereof. The minutes of the county court describe the matter then in adjudication as " an application of *George Gale* for the allowance of the amount claimed to be due him upon a land contract," &c. The objections taken to the claim by the attorney for the defendant, as entered in said minutes, were as follows : " 1. Because time, by the conditions of the contract, was made essential. 2. Because the claimant had not, previous to submitting his said claim for allowance, tendered a deed of conveyance of the premises to said Jesse Pardun, deceased, nor to his legal representatives since his death. 3. Because said contract was, by the terms thereof, fully ended and determined." The decision was "that said claim * * be disallowed in full." On cross-examination, plaintiff asked the witness certain questions for the purpose of showing that the claim was disallowed by him on the ground that " said land contract was in the nature of a mortgage, and must be enforced by foreclosure in the circuit court," and that the county court had no power to allow it; but the evidence was ruled out.

The circuit court held that the county court had jurisdic-

tion, and its adjudication was a bar to this action; and render-
ed judgment for the defendant; from which the plaintiff ap-
pealed.

*Carl C. Pope*, for appellant:

The appellant could maintain either of three different actions
on the contract. 1. By tender of deed he could sue for the
purchase money, as in the case at bar. Dart on Vendors, 449-
50; *Philips v. Fielding*, 2 H. Black., 123; *Laird v. Pim*, 7 M.
& W., 474; *Sweitzer v. Hummel*, 3 Serg. & R., 228; *Hampton
v. Speckenagle*, 9 id., 212; *Vilas v. Dickinson*, 13 Wis., 488;
*Johnson v. Wygant*, 11 Wend., 48; *McKnight v. Dunlop*, 4
Barb., 36. 2. After sale of the premises, he could recover what
they brought less than the contract price. Dart, 448; *Laird v.
Pim, supra; Webster v. Hoban*, 7 Cranch, 399. 3. He might
bring a bill for specific performance, sell the premises, and take
judgment for what they brought less than the contract price.
Willard's Eq., 301; *Clark v. Hall*, 7 Paige, 382. It was the
latter claim, for specific performance, which was presented to
the county judge, and of which he held that he had no juris-
diction. No right of action had accrued for the purchase mon-
ey, because no deed had been tendered; nor for damages, be-
cause the land had not been resold. The testimony of the
county judge should have been admitted, to show what had
been submitted to him, and his decision thereon. *Driscoll v.
Damp*, 16 Wis., 106. The circuit court erred in finding as a
fact that this cause of action had been submitted to the county
judge. *Quackenbush v. Ehle*, 5 Barb., 469; *McKnight v. Dun-
lop*, 4 id., 36; *Burdick v. Post*, 12 id., 168; *Campbell v. Butts*,
3 Coms., 173. It also erred in finding that the county court
had jurisdiction, when that court had decided that it had not
jurisdiction, and defendant had not appealed from the decision.
R. S., ch. 101, secs. 12, 31, 61, 62; 1 Mass., 321; 1 Brad-
ford, 435.

*Montgomery, Tyler & Wing*, as to the jurisdiction of the coun-
ty court, cited R. S., ch. 101, secs 8 and 31; Laws of 1862, ch.

24. To the point that its adjudication was final unless appealed from, they cited R. S., ch. 101; *Hill v. Hoover*, 9 Wis., 15; *Pierce v. Kneeland*, id., 23; *Kalisch v. Kalisch*, id., 529; *Duchess of Kingston's Case*, 2 Smith's L. C., 573.

COLE, J.   It is very clear to us that the adjudication of the county court upon this claim is a bar to this action. That court had full authority, under the statute, to allow the claim (sections 8, 31 and 47, chap. 101, R. S.); and if it decided adversely to the appellant, he had an ample remedy by appeal. It is insisted that the proceeding before the county court is no bar to the present suit, inasmuch as that court disallowed the claim upon the ground that it had no jurisdiction. It is quite immaterial what reason the county court gave for its decision. The claim was the amount due upon the land contract, and this claim against the estate the county court had a most undoubted jurisdiction over, and could have allowed. If the county court erroneously disallowed the claim because it considered that it had no jurisdiction in the matter, or for any other insufficient reason, there was a direct remedy by appeal. But so long as the decision of the county court stands unreversed, it concludes the parties upon the matter there adjudicated. The subject matter of that action, and of this, is confessedly the same, namely, the amount due on the land contract.

The appellant suggests that the county court rightly disallowed the claim against the estate for the purchase money due upon the contract, because he had made no tender of a deed; in other words, that he had no claim against the estate which could be allowed. But this is a mistake. For if it had been necessary for the appellant to make and tender a deed before receiving the money due on the contract, still this was no reason for disallowing the claim absolutely. The county court has authority to allow contingent claims against the estates of deceased persons, and might have allowed this, and directed the amount to be paid on condition that a proper deed of conveyance was executed and tendered. But moreover, whatever the

general rule may be in regard to the right of a vendor to maintain an action for the purchase money on a contract for the sale of real estate without showing performance on his part, or any offer to perform, certainly, under this contract, the appellant was only bound to convey upon the money being first paid. For the contract expressly makes the payment of the consideration money a condition precedent to the right to insist upon a conveyance. The vendee was first to make the payments and perform the covenants on his part to be performed before he was entitled to a deed. Hence the appellant could maintain his action for the amount due upon the contract without showing any conveyance or offer to convey, and his cause of action was complete when he presented the claim to the county court.

And as the county court had full and complete jurisdiction over the subject matter of this action, its adjudication is clearly a bar to this suit. The judgment of the circuit court must therefore be affirmed.

*By the Court.*—Judgment affirmed.