GIBSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 138.  Argued June 5, 1970.—Decided July 1, 1970.*
(Also reported in 177 N. W. 2d 912.)

For the plaintiff in error there was a brief by *David F. Gerlach* and *Gerlach & Gerlach*, all of Brookfield, and oral argument by *David F. Gerlach*.

For the defendant in error the cause was argued by *Mary V. Bowman*, assistant attorney general, with whom on the brief were *Robert W. Warren*, attorney general, *William A. Platz*, assistant attorney general, and *Roger P. Murphy*, district attorney of Waukesha county.

HEFFERNAN, J. The briefs and arguments raised only the contentions stated above. However, at the very outset we are confronted with the question of whether the county court of Waukesha county, exercising its authority to try criminal cases pursuant to sec. 253.12, Stats., had jurisdiction to arraign, commit, and sentence the seventeen-year-old Gibson on the armed robbery charge that arose in Waukesha county.

On December 4, 1968, the Milwaukee county court, Children's Division, entered an order waiving the juvenile jurisdiction of that court over the matter of the alleged delinquency of Sanford Gibson. The recitals therein indicated that Gibson had been charged as a delinquent for violations of sec. 943.32, Stats. (robbery), and sec. 939.05 (parties to a crime). It was ordered that the matter be referred to the district attorney and that Gibson be transferred to the custody of the Waukesha county sheriff's department. The record does not indicate that the charge under consideration at the time of waiver in Milwaukee county included the armed robbery that occurred in Waukesha on November 14, 1968. Rather, it most likely refers to only the charge that arose in Milwaukee county—the robbery on September 12, 1968.

If such is the case, then the county court of Waukesha county acquired criminal jurisdiction of the Milwaukee crime only and did not acquire jurisdiction of the crime alleged to have occurred in Waukesha. If those are the circumstances, the plea of guilty and judgment of conviction of March 6, 1969, and the ten-year sentence imposed on April 24, 1969, are wholly void and must be vacated.

On January 9, 1969, the defendant made an appearance before the county court of Waukesha county and asked for appointment of counsel. During the course of this appearance the following colloquy took place:

"*The Court:* I will find the defendant is indigent and entitled to court-appointed counsel. I will appoint attorney James Collins to represent you. The matter is continued until Monday morning. Bail is set in the sum of $5,000.

"*Mr. Anderson:* I would like to file a waiver from the County Court of Milwaukee County, Children's Division, waiving this defendant to adult court.

"*The Court:* Is he eighteen now?

"*Defendant:* No, seventeen.

"*The Court:* This should have been done first, before the Court assumed jurisdiction. I assumed he was eighteen. It is apparent the Court has jurisdiction. The Court will reaffirm the proceedings heretofore had."

This proceeding in the criminal jurisdiction of the Waukesha county court cannot, of course, constitute a proper waiver of juvenile court jurisdiction over the crime committed in Waukesha county. The hearing is ambiguous. Judge CALLOW believed, perhaps correctly, that the Milwaukee county court, Children's Division, had waived its juvenile jurisdiction to Waukesha county in respect to the armed robbery that occurred in Waukesha county. This the Milwaukee Children's Court could do, since venue can lie "where the child resides, the county where he is present or, in the case of a violation of a state law . . . where the violation occurred" (sec. 48.16, Stats.).

Thus, if Gibson had been charged with delinquency in Milwaukee county for a Waukesha county act, that court would, in the exercise of its jurisdiction, be a proper venue for the exercise of the waiver of juvenile jurisdiction and a reference to Waukesha county. The record, however, does not show that this was, in fact, done.

A juvenile court is to "review each case on its individual merits" (sec. 48.01 (2) (a), Stats.). In the instant case, it is impossible to tell from the record before us whether the Milwaukee Children's Court waived jurisdiction on only one or on both counts with which Gibson was eventually charged in Waukesha county court.

In *Kent v. United States* (1966), 383 U. S. 541, 86 Sup. Ct. 1045, 16 L. Ed. 2d 84, the United States Supreme Court determined that the waiver of juvenile jurisdiction is a "critically important" portion of the criminal proceeding where a juvenile stands accused.

The Children's Code (ch. 48, Stats.) provides that "exclusive jurisdiction" is vested in the juvenile court over any child who is alleged to be delinquent because he has "violated any state law" (sec. 48.12 (1), Stats.). "Child" is defined as a person under eighteen (sec. 48.02 (3)). Only if juvenile jurisdiction is waived as provided in sec. 48.18 can a child charged with a crime against the state be prosecuted in an adult criminal court.

While the county court of Waukesha county had personal jurisdiction of Gibson by his appearance, it could acquire subject matter jurisdiction only after a proper waiver of jurisdiction by the juvenile court.

Criminal subject matter jurisdiction was defined in *Pillsbury v. State* (1966), 31 Wis. 2d 87, 94, 142 N. W. 2d 187. The court said therein:

"Criminal jurisdiction of the subject matter is a power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law."

In *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 45, 139 N. W. 2d 667, the court stated, ". . . jurisdiction of subject matter is derived from law and cannot be waived nor conferred by consent . . . ." Accordingly, even though there has been no objection by Gibson to his arraignment in the criminal court, the conviction is void *ab initio* unless the juvenile court has ceded its jurisdiction to the criminal court in regard to each particular charge contained in the information.

We would prefer not to set aside the sentence of a defendant who a careful, considerate, and humane judge has determined should be incarcerated for a term of ten years, but if the trial court was without jurisdiction, we have no alternative.

The earliest report of the Wisconsin appellate court contains the following declaration:

". . . whenever want of jurisdiction is made to appear at any stage of the cause, it is the duty of the court to dismiss the case from its consideration." *Dewey v. Hyde* (1844), 1 Wis. (Pinney) 469, 470.

This court has continued to follow the precedent of *Dewey v. Hyde*. In *Sheehan v. Industrial Comm.* (1956), 272 Wis. 595, 601, 76 N. W. 2d 343, we pointed out that it was the duty of this court to dismiss the action "when a want of jurisdiction appears at any stage of a cause."

In the recent case of *Estate of Hillery* (1970), 46 Wis. 2d 689, 176 N. W. 2d 376, this court asserted its unquestioned right to dismiss an appeal for want of jurisdiction although the parties to the lawsuit had not raised the question.

The clerk of the Waukesha county court has assured this court that we have on file the complete record of this case and that there is nothing of record to show the waiver of juvenile jurisdiction over the Waukesha county charge. However, the inquiry into the efficacy of a juvenile court waiver of jurisdiction properly should be the subject of a judicial hearing.

Accordingly, we conclude that the cause should be remanded to the county court of Waukesha county for a hearing to determine the scope and extent of the juvenile court waiver of jurisdiction by the Milwaukee county Children's Court ordered on January 4, 1969.[1]

A juvenile court can only waive its jurisdiction with respect to charges of delinquency that are actually before it. In the instant case exclusive jurisdiction of the Milwaukee county Children's Court could only be waived if the charge constituting the armed robbery in Waukesha county was alleged in the juvenile petition or was otherwise intended to be included in its waiver of jurisdiction. The same is, of course, true in respect to the Milwaukee county charge and a similar inquiry should be made in respect to the waiver of juvenile jurisdiction on that count.

In the event that the county court finds that juvenile court jurisdiction was appropriately waived in respect to each count, the judgment is affirmed. If, however, the county court of Waukesha county finds there was a waiver of juvenile jurisdiction in neither the Milwaukee county Children's Court nor the juvenile court of Waukesha county, in respect to Count 1, the plea of guilty, conviction, and sentence on Count 1 are vacated. In that event, the sentence of probation, but not the conviction, on Count 2, the Milwaukee county robbery, is vacated, and the defendant is to be returned to the custody of the sheriff of Waukesha county for resentencing on Count 2 at such time as may be deemed reasonable by the county judge. Upon the vacation of the sentence of probation on Count 2, the resentencing court may consider the action of this court as a subsequent event, as set forth in *State v. Leonard* (1968), 39 Wis. 2d 461, 474, 159

---

[1] *See: Kent v. United States* (1966), 383 U. S. 541, 86 Sup. Ct. 1045, 16 L. Ed. 2d 84, for United States Supreme Court's remand to district court where waiver proceedings were in question and defendant had attained age of eighteen, thus precluding proceedings in the juvenile court.

N. W. 2d 577, and is not bound by its previous sentence of probation, which was entered contemporaneously with imposition of the ten-year term of imprisonment on Count 1 and no doubt with the imposition of that term of imprisonment in mind.

In the event that the county court determines that juvenile court jurisdiction was not appropriately waived as to either count, both judgments of conviction are to be vacated.

In the event either or both charges are vacated, the juvenile court, because of defendant's present age, is without further jurisdiction, and charges can be reinstituted only in a court of general criminal jurisdiction. In the event a conviction is vacated for lack of jurisdiction, it is deemed wholly void and does not bar further proceedings.

We cannot, of course, forecast the outcome of the hearing we have directed the county judge to undertake, and it may well appear from the evidence adduced that proper juvenile court proceedings waived jurisdiction of both crimes and transferred them to the criminal court. Under such a finding, the judgments must be affirmed.

We consider it appropriate to suggest that juvenile court judges specifically set forth the alleged delinquent act or acts over which they have relinquished jurisdiction. Particularity in this respect would ordinarily be unimportant, but where, as here, the acts constituted offenses in two counties, which resulted in a consolidated trial, clarity and a clear delineation of the conduct considered by the juvenile court is necessary to avoid confusion.

We deem it the duty of the district attorney, in the first instance at least, to take steps to assure that juvenile conduct is unequivocally within the jurisdiction of the criminal court and that the record of waiver presented to the criminal court recite with particularity the

acts that the juvenile court judge has determined, in the best interests of the public and the child, ought not be heard in the juvenile court and should be heard in the adult criminal court.

Although we have ordered a reference to the trial court to determine the effect and scope of the waiver proceedings, we nonetheless, in view of the probability of a finding that jurisdiction was properly in the criminal court, are obliged to dispose of the points raised in defendant's motion to withdraw his pleas.

*State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, points out that a motion to withdraw a plea of guilty is directed to the discretion of a court in the interests of justice and that an accused seeking to withdraw his plea of guilty has the burden of proof of showing adequate grounds for the withdrawal of his plea by clear and convincing evidence. The test, therefore, that this court must apply in determining the denial of Gibson's motion is whether the court abused its discretion.

The pleas to the two charges herein were entered on March 6, 1969. This was prior to the United States Supreme Court mandate in *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274, which requires that state courts must, on their own initiative, make inquiries at the time of an arraignment to determine that the plea is made voluntarily and intelligently. In *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, this court determined that the mandate of *Boykin* was to apply prospectively only and that pleas of guilty accepted by trial courts prior to June 2, 1969, were to be governed by the presumption set forth in *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295. Therein we held that, where a defendant is represented by counsel, as Gibson was in the instant case, it is presumed that:

". . . counsel has fulfilled his duty of proper representation by fully explaining to the accused the nature

of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty." *State v. Strickland, supra,* page 631.

This presumption is dispositive of the defendant's claim that the record fails to show that the pleas were intelligently made, with full understanding of possible alternatives to pleading, and with knowledge of the full consequences of the pleas. The defendant, however, in addition, claims that the pleas were involuntary and that he told his counsel repeatedly that he desired to plead not guilty. He claims to have been advised by counsel that, if he pleaded guilty, he would be "out in one year," while if he were found guilty, he would probably receive a sentence of ten to twenty years.

Defendant, in the hearing on the motion to withdraw the pleas, stated that his will was overborne by Attorney Collins' assertion, "I have the Judge in my back pocket." At the hearing Attorney Collins testified that he had not coerced the defendant, and that he had advised the defendant of potential sentences, but acknowledged that he told the defendant that the likelihood of concurrent sentences would be greater in the event that charges were consolidated. He testified that he had had at least ten conferences with the defendant, that he had arranged for a polygraph examination prior to the time of plea, and that he had spent thirty-one hours conferring with the defendant. He advised the court that he and his client had a complete "meeting of the minds" until subsequent to the pleas of guilty.

As stated above, the defendant who claims that his plea is involuntary has the burden of so showing by clear and convincing evidence. We are satisfied that Gibson failed to sustain that burden of proof and that the evidence adduced at the hearing on the motion to withdraw the pleas properly sustains the finding of the court:

". . . that the defendant entered the plea of guilty voluntarily, advisedly, intentionally and with his full knowledge of the consequences of the plea, and that it was in fact his free will . . . . there were no threats, promises or coercion leading Mr. Gibson to the pleas entered. There is nothing in the record made today . . . which would lead this court to believe that the interests of justice, the interests of the defendant, the interests of society, or any other purpose would be served by the court vacating the pleas of guilty."

The trial judge did not abuse his discretion when he concluded that the acceptance of the pleas did not result in a manifest injustice.

The defendant additionally urges that the pleas should be withdrawn because the same attorney was assigned the dual role of guardian *ad litem* and defense counsel. The defendant has not pointed out any inconsistency or conflict between the obligations of appointed counsel and appointed guardian *ad litem*. This court has consistently held that, even where a single attorney has a potential conflict of interest, we would not conclude that a defendant had been denied the right to effective counsel afforded by the sixth amendment unless there was evidence of actual prejudice. *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9; *Witzel v. State* (1969), 45 Wis. 2d 295, 172 N. W. 2d 692; *Karlin v. State,* ante, p. 452 (1970), 177 N. W. 2d 318. No actual prejudice has been alleged or shown.

Defense counsel on appeal argued, however, that the role of guardian *ad litem* and of defense counsel are essentially different, that a guardian *ad litem* is in effect the *alter ego* of one under a disability and that it is his responsibility to make decisions which a minor or an incompetent cannot make for himself, while the defense counsel is an advisor and advocate. Without disagreeing with this fundamental concept, we fail to see its relevancy in the instant case. No disability of minority is recognized when defendant is properly before a court of

criminal jurisdiction. We pointed out in *Bradley v. State* (1967), 36 Wis. 2d 345, 359a, 153 N. W. 2d 38, 155 N. W. 2d 564, that one who is prosecuted as an adult under the Criminal Code is afforded proper constitutional protection when counsel is appointed for the defense of the criminal act. We stated:

". . . a guardian *ad litem* could offer no more protection to a defendant than could the timely appointment of other counsel. . . .

"There is no requirement that a guardian *ad litem* be appointed in these circumstances . . . ."

It would appear that the appointment of defense counsel to act as guardian *ad litem* was superfluous and the order appointing guardian *ad litem* was mere surplusage that in no way altered the relationship of the attorney to his client. As pointed out in *Bradley,* there is no necessity, and indeed no authorization, for a trial court to appoint a guardian *ad litem* for any defendant in a criminal case in an adult court where minority is the only conceivable disability. It is the understanding of this court that prior to *In re Gault* (1967), 387 U. S. 1, 87 Sup. Ct. 1428, 18 L. Ed. 2d 527, conscientious Wisconsin juvenile court judges who were concerned about the lack of counsel in juvenile court and doubted their authority to appoint defense counsel attempted to protect the rights of minors by appointing a guardian *ad litem* for juvenile proceedings. This practice was commendable but, under presently accepted interpretations of the right of a juvenile to counsel, that obligation in a court of general criminal jurisdiction is satisfied by the appointment of a defense counsel. There nevertheless may continue to be some circumstances in juvenile court delinquency proceedings where a court, in the exercise of its discretion, may properly, and should, appoint a guardian *ad litem* (sec. 48.25 (5), Stats.), but we see no purpose in doing so as a matter of routine where juvenile jurisdiction has been waived and trial is to a court of general jurisdiction.

Counsel relies solely upon the Vermont case of *In re Dobson* (1965), 125 Vt. 165, 212 Atl. 2d 620. Therein, the Vermont court stated at page 168:

"An attorney can effectively argue the alternative courses open to a client only to one assumed to be capable of making a discriminating choice. The minor is presumed incapable and under disability, hence the need of a guardian ad litem to weigh alternatives for him. Yet a lawyer attempting to function as both guardian ad litem and legal counsel is cast in the quandary of acting as both attorney and client, to the detriment of both capacities and the possible jeopardizing of the infant's interests. The counselling of minors called for by 33 V. S. A. Sec. 678 is best provided by a separation of the roles of guardian ad litem and attorney."

Defense counsel has, however, failed to point out that the above stated rule was substantially modified by the same court less than six months later in the case of *In re Westover* (1965), 125 Vt. 354, 215 Atl. 2d 498. Therein the Vermont court stated at page 359:

"It is not automatically required, nor does such absence of separation constitute a violation of a constitutional right as a matter of law.

". . . Dobson, supra, should be interpreted in the light that when the two functions work to the disadvantage and prejudice of a minor, then such dual representation may avoid the conviction. This is the ever present hazard when dual representation is present. Here, no disadvantage or prejudice is made to appear by reason of such dual representation."

It is apparent, therefore, that the present Vermont rule is very similar to the test used in the Wisconsin cases cited above—did actual prejudice result. We see no evidence, nor has any been asserted, that this dual appointment in any way prejudiced the defendant. The hearing on the motion to withdraw the pleas failed to reveal any conflict of interest which impaired the effectiveness of counsel. We conclude that the trial court

properly denied the motion and did not abuse its discretion in so doing.

*By the Court.*—Cause remanded for the purpose of conducting the hearing directed herein. In the event the trial court determines that juvenile court jurisdiction was properly waived, the judgments are affirmed. In the event the trial court determines that the juvenile court failed to waive its exclusive jurisdiction, the judgment in regard to the particular crime for which proper waiver was not made is vacated, all in accordance with directions set forth in the body of the opinion.[2]

---

[2] Following promulgation of this opinion the supreme court received from the county court of Waukesha county, a copy of an order of that court finding proper waivers of jurisdiction of the juvenile court as to both offenses.