IN the INTEREST OF H.N.T., a Person Under the Age of 18: H.N.T., Appellant,

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 84–1500. Submitted on briefs January 15, 1985.—Decided June 5, 1985.*
(Also reported in 371 N.W.2d 395.)

For the appellant, the cause was submitted on the briefs of *John E. Tradewell,* assistant state public defender.

For the respondent, the cause was submitted on the brief of *Margaret Borkin,* assistant district attorney, of Racine and the supplement brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   H.N.T. appeals the juvenile court's order dismissing a Petition for Determination of Status which alleged H.N.T. to be delinquent. The juvenile court found H.N.T. to be eighteen years of age or older. Thus, the juvenile court ruled it did not have subject matter jurisdiction.

We conclude the prior adult court proceedings which litigated the question of H.N.T.'s age estopped the state from relitigating the same question in the juvenile court. The adult court previously determined that H.N.T. was under the age of eighteen years. As a result, that court dismissed a criminal complaint against H.N.T. and authorized proceedings against him in the juvenile court.[1]

On March 19, 1984, the state filed a criminal complaint against H.N.T. alleging a violation of sec. 940.225 (1) (d), Stats., first-degree sexual assault. A dispute arose as

---

[1] As will be seen in this discussion, the authorities have discussed this issue in terms of both collateral estoppel and *res judicata.*

to H.N.T.'s correct age. Following an evidentiary hearing on this question, the adult court found H.N.T.'s age to be under eighteen years. The adult court dismissed the criminal complaint on jurisdictional grounds. Based upon the allegations of the complaint, the adult court also found probable cause to believe that H.N.T. committed an act which would be a crime if committed by an adult. The adult court then ordered H.N.T. taken into physical custody and produced before the juvenile court.[2]

The state then filed a Petition for Determination of Status of H.N.T. with the juvenile court. Following a pretrial conference and a plea agreement, the trial court ordered a social history of H.N.T. While this history was being prepared, a representative of the Human Services Department advised the district attorney that certain documents received from the Immigration and Naturalization Service indicated H.N.T.'s date of birth might be January 9, 1966—making H.N.T. eighteen years of age. Accordingly, the state requested another evidentiary hearing on the matter of H.N.T.'s age. H.N.T. objected on collateral estoppel grounds. The juvenile court overruled the objection and conducted the hearing. Following the hearing, the juvenile court found H.N.T.'s date of birth to be January 9, 1966. The juvenile court also dismissed the petition for lack of jurisdiction. H.N.T. appeals.

A court has subject matter jurisdiction if it is authorized to hear and determine the primary object of the action. *Mack v. State,* 93 Wis. 2d 287, 294, 286 N.W.2d 563, 566 (1980). Subject matter jurisdiction is conferred by the constitution and statutes which grant various courts power to hear various kinds of actions. *State ex rel. Prentice v. County Court,* 70 Wis. 2d 230,

[2] The supplemental record of the adult court proceedings does not reflect any written order of Judge Simanek's bench rulings.

237, 234 N.W.2d 283, 286 (1975). The statutes define and limit a juvenile court's jurisdiction. *In re D.V.*, 100 Wis. 2d 363, 366, 302 N.W.2d 64, 66 (Ct. App. 1981) ; *State ex rel. Koopman v. County Court*, 38 Wis. 2d 492, 497, 157 N.W.2d 623, 626 (1968). Section 48.12(1), Stats., vests the juvenile court with "exclusive jurisdiction . . . over any child 12 years of age or older who is alleged to be delinquent as defined in s. 48.02(3m)." Section 48.02(3m), Stats., defines a delinquent as "a child who is less than 18 years of age and 12 years of age or older . . . ."

The claim of collateral estoppel in this case therefore goes to one of the factors bearing upon the juvenile court's subject matter jurisdiction—the requirement that the person who is the object of the action be less than eighteen years of age. *See* sec. 48.02(3m), Stats. *See also In re D.V.* at 365 n. 1, 302 N.W.2d at 65.[3]

We acknowledge that subject matter jurisdiction "is derived from law and cannot be waived nor conferred by consent," *see State ex rel. La Follette v. Raskin*, 30 Wis. 2d 39, 45, 139 N.W.2d 667, 670 (1966), and "whenever want of jurisdiction is made to appear at any stage of the cause, it is the duty of the court to dismiss the case from its consideration." *Dewey v. Hyde*, 1 Pin. 469, 470 (1844). The supreme court has continued to follow this precedent. *See Gibson v. State*, 47 Wis. 2d 810, 816, 177 N.W.2d 912, 915 (1970). In *Sheehan v. Industrial Commission*, 272 Wis. 595, 601, 76 N.W.2d 343, 347 (1956), the supreme court noted that its duty is to dismiss an action "[w]hen a want of jurisdiction appears at any stage of a cause."

[3] H.N.T. does not allege a want of personal jurisdiction. Any such claim would have been waived by virtue of his personal appearance and submission to the juvenile court's jurisdiction. *Gibson v. State*, 47 Wis. 2d 810, 815, 177 N.W.2d 912, 914 (1970).

These cases, however, did not involve *res judicata* or collateral estoppel considerations flowing from an adjudication of a *jurisdictional* fact in a prior proceeding.

Collateral estoppel applies "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Crowall v. Heritage Mutual Insurance Co.,* 118 Wis. 2d 120, 125–26, 346 N.W.2d 327, 331 (Ct. App. 1984),[4] quoting *State ex rel. Flowers v. Department of Health & Social Services,* 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978).

A split in authority exists as to whether a previous determination of a fact bearing upon subject matter jurisdiction is *res judicata* as to that same jurisdictional fact in a later action. *See generally* Annot., 49 A.L.R.2d 1036 (1956).

The Restatement (Second) of Judgments, § 11[5] comment *c* at 110 (1982), provides:

*Jurisdiction to determine jurisdiction.*

Whether a court whose jurisdiction has been invoked has subject matter jurisdiction of the action is a legal question that may be raised by a party to the action or by the court itself. When the question is duly raised, the court has the authority to decide it. *A decision of the question is governed by the rules of res judicata and hence ordinarily may not be relitigated in a subsequent action.* See § 12. Thus, a court has authority to determine

---

[4] *Crowall* abandoned the traditional requirement of identity of parties if sufficient motive to litigate the issue was present in the earlier proceeding and where a higher burden of proof to establish the fact at issue existed in the prior proceeding.

[5] Section 11 provides as follows:

**Subject Matter Jurisdiction**

A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.

its own authority, or as it is sometimes put, "jurisdiction to determine its jurisdiction." [Emphasis added.]

The Restatement (Second) of Judgments, § 12 (1982), provides:

Contesting Subject Matter Jurisdiction

When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:

(1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or

(2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or

(3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

Comment *a* to this section of the Restatement goes on to address the competing policies which exist on this question: finality of judgments and orders versus their validity. The comment observes:

The problem poses a sharp conflict of basic policies. The principle of finality has its strongest justification where the parties have had full opportunity to litigate a controversy, especially if they have actually contested both the tribunal's jurisdiction and issues concerning the merits. Yet the principle of finality rests on the premise that the proceeding had the sanction of law, expressed in the rules of subject matter jurisdiction. As long as the possibility exists of making error in a determination of the question of subject matter juris-

diction, the principles of finality and validity cannot be perfectly accommodated. Questions of subject matter jurisdiction must be justiciable if the legal rules governing competency are to be given effect; some tribunal must determine them, either the court in which the action is commenced or some other court of referral. If the question is decided erroneously, and a judgment is allowed to stand in the face of the fact that the court lacked subject matter jurisdiction, then the principle of validity is compromised. On the other hand, if the judgment remains indefinitely subject to attack for a defect of jurisdiction, then the principle of finality is compromised.

*Id.* comment *a* at 116. As the comment notes, the trial court must select between the two doctrines. The traditional doctrine gives greater emphasis to the principle of validity while the modern rule gives the principle of finality greater weight. In support of the modern rule, comment *c* to § 12 of the Restatement observes:

When the question of the tribunal's jurisdiction is raised in the original action, in a modern procedural regime there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of issue preclusion. The force of the considerations supporting preclusion is at least as great concerning determinations of the issue of jurisdiction as it is with respect to other issues.

*Id.* comment *c* at 119. The comment also notes that the party who loses the jurisdictional battle in the original action is not without avenues of relief:

Beyond this, there is virtually always available a procedure by which to obtain review of the original tribunal's determination of the issue, either by appeal or by injunction or extraordinary writ. Thus, the opportunity for an independent determination of the issue of subject matter jurisdiction that was protected in traditional doctrine remains available under the rule that the tribunal's

determination of its own competency is res judicata. At the same time, applying the rule of preclusion considerably reduces the vulnerability of the judgment to subsequent attack and thus furthers the policy of finality.

*Id.*

Finally, comment *d* to this Restatement section reasons that the principle of finality is strengthened in a case where the issue of jurisdiction was actually litigated as opposed to only implicitly adjudicated:

The fact that the issue has been actually litigated signifies that the parties' attention (and, more significantly as a practical matter, the attention of the court and counsel) has been specifically directed to the question. If there is then a failure to seek review of the determination of the issue, it may be assumed that the determination was at least arguably correct or that its erroneous determination was a matter *de minimis*. In either event, there is reason to be confident that the public interest in the observance of limitations on jurisdiction has not been substantially violated.

*Id.* comment *d* at 121.

In *Gale v. Best,* 20 Wis. 44 (1865), the Wisconsin Supreme Court held that where the county court in a previous proceeding disallowed the plaintiff's claim on jurisdictional grounds, a subsequent action in the circuit court was barred. The supreme court made this holding despite the plaintiff's claim that the county court had no jurisdiction to entertain the first action. The supreme court noted that the appellant "had an ample remedy by appeal." *Id.* at 47.

In a later case, *State v. Donohue,* 11 Wis. 2d 517, 105 N.W.2d 844 (1960), the supreme court held that a prior subject matter jurisdiction adjudication, not appealed, was *res judicata* for purposes of an attempt to relitigate the same issue on appeal in a separate proceeding. In *Donohue,* the state instituted municipal court forfeiture

proceedings for claimed violations of industrial commission building code orders. The defendant alleged no municipal court subject matter jurisdiction and sought a writ of prohibition from the circuit court. The circuit court denied the petition for the writ. The defendant never appealed the circuit court's denial. The forfeiture action proceeded to judgment against the defendant in the municipal court. On appeal from the municipal court judgment, the defendant again raised the jurisdictional issue litigated in the circuit court. The supreme court held:

We, therefore, conclude that the adjudication made in the prohibition proceeding is *res judicata* upon the issue of the municipal court's jurisdiction over the subject matter.

*Id.* at 524, 105 N.W.2d at 848. The supreme court decision alluded to the Restatement of Judgments § 10 comment *a* (1942),[6] which reads in part as follows:

Even though the decision of the court is erroneous, the parties are bound by it. This is true although the matter

---

[6] Section 10. RES JUDICATA AND JURISDICTION OVER THE SUBJECT MATTER.

(1) Where a court has jurisdiction over the parties and determines that it has jurisdiction over the subject matter, the parties cannot collaterally attack the judgment on the ground that the court did not have jurisdiction over the subject matter, unless the policy underlying the doctrine of res judicata is outweighed by the policy against permitting the court to act beyond its jurisdiction.

(2) Among the factors appropriate to be considered in determining that collateral attack should be permitted are that

(a) the lack of jurisdiction over the subject matter was clear;

(b) the determination as to jurisdiction depended upon a question of law rather than of fact;

(c) the court was one of limited and not of general jurisdiction;

(d) the question of jurisdiction was not actually litigated;

(e) the policy against the court's acting beyond its jurisdiction is strong.

decided is the question of the jurisdiction of the court over the subject matter of the suit.

Thus, Wisconsin has long aligned itself with the modern rule which is in keeping with the present Restatement rule.

We note that this rule is not ironclad. It permits deviation from *res judicata* and collateral estoppel principles if three exceptional conditions exist:

(1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority: Here, H.N.T.'s age was critical to the adult court's subject matter jurisdiction. When the age issue was raised, the adult court was obligated to address it. Under no circumstances can it be said that the adult court abused its discretion or exceeded its authority or jurisdiction by addressing this issue;

(2) Allowing the judgment to stand would substantially infringe another tribunal or agency of government: Any application of the rules of *res judicata* or collateral estoppel necessarily operates to restrict the parameters of inquiry by the subsequent tribunal. The test however is *substantial* infringement. Here, we do not see the adult court's age determination as a substantial infringement on the juvenile court's authority. Absent *res judicata* or collateral estoppel considerations, either tribunal has the authority to make subject matter jurisdiction findings. Neither tribunal carries any presumptive expertise or authority on the question;

(3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction: Here,

we have noted above that the adult court possessed the capability to make an informed determination as to H.N.T.'s age. The state participated in the litigation of that question and, as noted below, retains avenues of redress for reconsideration or rehearing. These options meet the level of procedural fairness such that the state is properly precluded from relitigating the question of H.N.T.'s age in the juvenile court.

If the adult court's determination of H.N.T.'s age was erroneous, the state's remedies lay in an appeal, special proceeding, or a reconsideration request. If newly discovered evidence existed on the question, the state's remedy was to seek relief from the order and request a new hearing. *See* sec. 806.07(1)(b), Stats. If the adult court ruling was obtained as a result of H.N.T.'s fraud, misrepresentation, or other misconduct, the state's remedy again was to seek relief from such order on these grounds. *See* sec. 806.07(1)(c).

We recognize the fundamental importance of subject matter jurisdiction determinations. We conclude, however, that this concept can and must be applied in conjunction with, and in deference to, the well-established principles of *res judicata* and collateral estoppel. If we held otherwise, then we approve the repeated relitigation of the same issue between sister courts (whether they be of equal or different jurisdiction). This we decline to do. We share the concerns of Chief Justice Dixon as expressed in *Platto v. Deuster*, 22 Wis. 482, 484–85 (1968):

It is easy to see the great confusion and endless trouble and litigation which might ensue from the exercise of such a jurisdiction. The impropriety, I might say the utter absurdity, of applying to one court to restrain, modify or correct the orders or decrees of another court of co-ordinate jurisdiction, is also apparent. . . . No instance has been found where one court of equity has thus interfered with the proceedings in another court

of equity of the same jurisdiction, and it is believed that none can be. . . . The proper course was to apply to the court by petition for an order in the original suit. Such is the practice in this state.

*Id.* (Citations omitted.)

The state contends that H.N.T. is equitably estopped from asserting collateral estoppel because he has maintained positions contrary to or inconsistent with those he previously asserted. We do not question that H.N.T. has, at varying times, misrepresented his age. The rule cited by the state, however, only applies to inconsistent positions taken in judicial actions and proceedings. *See* 28 Am. Jur. 2d *Estoppel and Waiver*, § 69 at 696 (1966). It does not apply to misrepresentations occurring in extra-judicial settings.[7] In the instant case, H.N.T. consistently maintained he was a juvenile in both the adult and juvenile court proceedings.

We therefore conclude that the state is collaterally estopped from relitigating the issue of H.N.T.'s age in the juvenile court.[8] Since the necessary jurisdictional

---

[7] The American Jurisprudence citation relied upon by the state in support of its equitable estoppel argument fails to include the following introductory statement: "The rule that a party will not be allowed to maintain inconsistent positions is applied in respect to positions in *judicial actions and proceedings.*" 28 Am. Jur. 2d *Estoppel and Waiver*, § 69 at 696 (1966). (Emphasis added; footnotes omitted.)

[8] Although the issue is not raised in the briefs, we anticipate some question as to whether the principles of collateral estoppel properly apply in this case because the proceedings in the adult court were not *res judicata* on the merits of the underlying action —the question of H.N.T.'s guilt or innocence. The ruling of the adult court, however, was a full adjudication of the issue of H.N.T.'s age. Therefore, that issue has been adjudicated and stands as *res judicata* on the issue of subject matter jurisdiction. *See generally MIB, Inc. v. Superior Court*, 164 Cal. Rptr. 828 (Ct. App. 1980) (a finding in a prior action that a nonresident defendant is not subject to California process is *res judicata* in a

fact establishing juvenile court jurisdiction has already been determined, we reverse the order of the juvenile court determining that it does not have subject matter jurisdiction in this case. We remand for further appropriate proceedings on the petition.

*By the Court.*—Order reversed and cause remanded.

subsequent action brought by the same plaintiffs against the same defendant).