† Petition to review denied. *Page 631 
Howard Washington appeals from convictions for reckless use of a weapon and possession of a firearm by a convicted felon. We deem three issues to be dispositive on appeal: (1) whether Washington waived his right to claim error based on the trial court's having apparently left the final decision on an offer of mistrial to him rather than to his attorney; (2) whether by declining the trial court's offer of mistrial Washington waived all alleged error occurring prior to the declined offer; and (3) whether the trial court committed prejudicial error in submitting Wis J I — Criminal 255 to the jury, impermissibly allowing the jury to find guilt on a date and offense not charged in the information. Because we conclude Washington has waived any claim of error based on the trial court's offer of a mistrial and because we find his arguments unpersuasive on the remaining issues, we affirm.
Washington was tried in a three-day jury trial. On the second day of the trial, the trial court became concerned with earlier rulings on the admissibility of evidence as well as the unavailability of a defense witness. Despite denying previous defense motions for mistrial based on similar grounds, the trial court indicated that it would grant a mistrial if it were again requested. The trial court then directed Washington's attorney to confer privately with Washington regarding his wishes concerning mistrial.
Following this conference, Washington's attorney questioned Washington to show that he had been informed of the consequences of requesting a mistrial. The trial court then answered questions from Washington regarding what would happen at a new trial. Washington then conferred again with his attorney. *Page 633 
After this second conference, Washington stated in response to a question from his attorney, "I would like to go on with the trial." The trial court then warned Washington that this was not a decision to be made lightly and ascertained that Washington was proceeding against the advice of counsel. After answering several more questions from Washington, the trial court told him that while the decision was his, he should seriously consider his attorney's advice.
Washington then conferred with his attorney a third time and, upon returning, indicated that he wished to proceed with the trial, whereupon his attorney made the following statement to the court:
I want to put that on the record. I explained to the defendant that in my opinion by going ahead with the case at this time, he is weakening his position with respect to previous motions for mistrial. You can't at the same time, it seems to me, ask for a mistrial and then not ask for a mistrial.
Defense counsel went on to explain:
. . . I explained this to the defendant, if the defendant were to ask for a mistrial at this time, we would be bringing a motion pursuant to Jorn v.United States to bar subsequent prosecutions. I explained to him that the court would have to make a determination as to whether or not the matters that have given risen to the — given rise to the mistrial are such that meet the criterion inJorn.
Washington now argues that it was error for the trial court to ask him, and not his attorney, if he wished to request (and thereby receive) a mistrial. It is Washington's claim that this is a tactical decision in which all authority for a decision is vested with the *Page 634 
defense attorney, and does not rise to the level of a fundamental right which the defendant must personally decide. See State v. Neave, 117 Wis.2d 359,369, 344 N.W.2d 181, 186 (1984).
However, the issue of whose decision it should be was never raised in the trial court. Our examination of the record reveals that the trial court, without objection from defense counsel, allowed Washington to decline the court's offer of a mistrial. Washington simply elected not to follow his attorney's advice and, without any indication to the contrary in the record, it appears that defense counsel was satisfied to follow his client's choice in this regard.
This issue comes to us on appeal because of one plain, simple and inescapable fact: Washington, despite being urged by both his lawyer and the trial court to follow his attorney's advice, and despite being warned of the risk of not doing so, nonetheless rejected his attorney's advice to take up the trial court's offer of a mistrial and a new trial. Now, after being convicted, Washington seeks to transform his own prior decision on this question into reversible trial court error.
Washington conceals this fundamental flaw in his appeal by arguing an intriguing and sophisticated proposition as to who — the lawyer or the client — should be permitted to make a mistrial decision. Washington overlooks, however, that he was given the very opportunity in the trial court to have that which he now urges on appeal — that his lawyer be permitted to make this determination.
Instead, he disagreed with his attorney's advice. Faced with the dilemma of this disagreement between client and attorney, the trial court did the only prudent thing. It urged Washington to follow the *Page 635 
attorney's advice, advised Washington that his lawyer was the person better equipped to make this decision, and permitted additional consultation on the wisdom of the decision. Ultimately, however, when Washington remained firm in his decision to reject his lawyer's advice, the trial court, not being confronted with an objection from counsel or a contrary request from Washington, simply proceeded with trial.
Not surprisingly, no one ever objected to the trial court's decision to follow Washington's wishes on the mistrial question. An appellate court will generally not review an issue raised for the first time on appeal. Wirthv. Ehly, 93 Wis.2d 433, 443-44, 287 N.W.2d 140,145 (1980). Therefore we conclude that Washington has waived his right to claim error.
Not only do waiver principles apply, but judicial estoppel applies as well. Washington insisted on this jury that was impaneled because, the record shows, he did not want to sit in jail until a new jury was impaneled. On appeal, he now raises a position inconsistent with his stand at trial. Now, he wants the court to rule that he should have been entitled to a newly impaneled jury sometime subsequent to the offer of mistrial.
Washington's inconsistent position presents a classic case of judicial estoppel. See In re H.N.T.,125 Wis.2d 242, 253, 371 N.W.2d 395, 400-01 (Ct.App. 1985); State v. Michels, 141 Wis.2d 81,97-98, 414 N.W.2d 311, 317 (Ct.App. 1987).
Washington has alleged various other errors. All but one of these took place prior to the declination of the mistrial. The state argues that Washington waived these alleged errors by declining the offer of mistrial. We agree. *Page 636 
The failure to move for a mistrial constitutes waiver of an alleged error. Staples v. State,74 Wis.2d 13, 25, 245 N.W.2d 679, 686
(1976), rev'd on other grounds, Loveday v. State,74 Wis.2d 503, 513,247 N.W.2d 116, 122 (1976). While there is no law in Wisconsin holding that the decision to decline an offer of mistrial waives all prior alleged error, we decide now that this is a logical extension of the law relating to waiver principles. The record shows that Washington was warned of this result before he made his decision declining the offer of mistrial. To find no waiver would allow Washington to now seek the same remedy, a new trial, that he previously rejected, and also prejudice the state in the operation of the criminal justice system through inordinate delay and unnecessary expenditure of public funds. See Mulkovichv. State, 73 Wis.2d 464, 469,243 N.W.2d 198, 201 (1976).
The remaining issue, which was not waived by Washington's declination of a mistrial, is Washington's contention that in giving Wis J I — Criminal 255, "State Need Not Prove Exact Time of Commission," the trial court improperly allowed the jury to convict him on a date and offense not alleged in the information. The information charged Washington with possession of a firearm by a felon and with reckless use of a weapon, and stated that the alleged offenses took place on April 17, 1985. The charges arose out of conduct occurring on the evening of the 17th when Washington allegedly pointed a handgun at a person. Evidence was also produced that Washington possessed several firearms in his residence on the morning of April 18, 1985. The trial court ruled, however, that because of potential surprise to Washington the *Page 637 
information could not be amended to include a possession charge on the 18th.
Washington argues that on these facts, Wis J I — Criminal 255 improperly allowed the jury to rely on evidence of possession on April 18 at his residence, substituting that time and date for evidence found lacking on April 17. Thus, he contends the instruction allowed the jury to convict him of possession on a date not charged in the information. We note that in its closing argument, the state argued that a conviction of Washington on charges of possession of a firearm by a felon could be based solely on the evidence that firearms were found in Washington's residence on April 18. Thus, the state argued for a conviction contrary to what was charged in the information.
While we agree that the instruction and the state's argument were error, we conclude that any error was harmless. Error is harmless if there is no reasonable possibility that the error contributed to the conviction. State v. Dyess, 124 Wis.2d 525,543, 370 N.W.2d 222, 231-32 (1985).
The jury found Washington guilty of both possession of a firearm by a felon and reckless use of a weapon — pointing of a firearm. The record shows that at all times both the state and the defense operated under the theory that the pointing of a firearm offense occurred on April 17. Inherent in the jury's finding of guilt on the charge of pointing a firearm on the 17th is the possession of a firearm. The trial court instructed the jury that to convict on the charge of pointing a firearm the jury had to find as an element of the offense "that the defendant pointed a firearm at or toward another." (Emphasis added.) Thus, in finding Washington guilty of pointing a firearm on April 17, *Page 638 
the jury had to first reach the conclusion that Washington possessed a firearm on the 17th.
The trial court specifically instructed the jury of this requirement on two occasions. On the first, the trial court stated that "[t]he jury could not return a verdict of guilty on the pointing and aiming and not guilty on the other charge." On the second occasion, the court stated that "you [the jury] could not convict the defendant of pointing a firearm without convicting him of the other charge as well. That would not be a logical verdict."
While other theories were improperly before the jury, the theory of possession and pointing of a firearm on the 17th was carefully explained to the jury. In reaching its verdict of guilty on both charges, this was the only theory the jury could logically believe. Thus, there could have been no prejudice, and any error was harmless.
By the Court. — Judgment affirmed. *Page 639