N. PATRICK CROOKS, J.
¶ 60. (concurring) In bringing a purely facial challenge to Act 23, Wisconsin's *387 voter photo identification law, the plaintiffs have undertaken what is, according to the United States Supreme Court, "of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."[1] Because the majority applies the presumption of constitutionality and requires that the plaintiffs prove that the statute is unconstitutional beyond a reasonable doubt, I join that holding and the mandate. I write separately to emphasize that the result in this case is compelled by the framework of law that we are bound to apply. As has been recognized in other cases, it is often true that the standard of review and the applicable analysis dictate the outcome.[2] That is the case here.
¶ 61. The question we must answer is not whether the voter photo identification law is good policy, but whether we can say beyond a reasonable doubt that Act 23 violates the Wisconsin Constitution on any of the grounds claimed by these plaintiffs. As a purely facial challenge, this challenge is distinct from the challenge raised by plaintiffs in Milwaukee NAACP *388 v. Walker, 2014 WI 98, _Wis. 2d _, 851 N.W.2d 262 (raising a challenge similar to that raised in Crawford v. Marion County Election Bd., 553 U.S. 181 (2008), and providing a record with evidence of the Act's burden on individual Wisconsin residents). Given the framework within which the question must be answered, I agree with the holding of the majority that the plaintiffs have not shown beyond a reasonable doubt that the statute is unconstitutional and I join that holding and the mandate. I can reach no other conclusion than to uphold Act 23 based on the purely facial challenge here. I therefore respectfully concur.
I. THE ANALYTICAL FRAMEWORK
¶ 62. With this type of facial challenge, the odds are against the plaintiffs at every turn. A court is bound to recognize the presumption that the statute is constitutional.[3] Here, the plaintiffs must prove otherwise beyond a reasonable doubt.[4] In considering such a challenge, a court must "resolve any doubt about the constitutionality of a statute in favor of upholding the statute."[5]
¶ 63. In short, the question before us in this case is not whether the Act is good policy, not whether it accomplishes what it sets out to do, and not whether it is unfair under some circumstances to some individuals. The question before us in this case is solely this: starting with a presumption of constitutionality in its *389 favor, are we are persuaded beyond a reasonable doubt that the statute violates the Wisconsin Constitution in every circumstance?
II. EVALUATING PLAINTIFFS' CHALLENGE
¶ 64. The plaintiffs argue that requiring a voter to show photo identification is flatly outside the legislature's power because it impermissibly adds a qualification to the three elector qualifications listed in the Wisconsin Constitution: a United States citizen, aged 18 or older, and a resident of an election district in Wisconsin.[6]
¶ 65. The plaintiffs argue that case law explicitly states that "an act of the legislature which deprives a person of the right to vote, although he has every qualification which the constitution makes necessary, cannot be sustained"[7] and "it is incompetent for the legislature to add any new qualifications for an elector."[8] Furthermore, the plaintiffs contend that
"[t]he elector possessing the qualifications prescribed by the constitution is invested with the constitutional right to vote at any election in this state. These qualifications are explicit, exclusive, and unqualified by any exceptions, provisos or conditions, and the constitution, either directly or by implication, confers no authority upon the legislature to change, impair, add to or abridge them in any respect."[9]
*390 The plaintiffs cite Dells v. Kennedy[10] for the proposition that even permitted regulation of elections must be reasonable; they contend that this photo identification requirement is, on its face, unreasonable and must be struck down. The plaintiffs also contend that the Act does not fall into any of the categories of laws that the legislature is permitted to pass under its constitutional authority to regulate elections.[11]
¶ 66. However, as the court of appeals correctly and concisely stated, each of these arguments is ultimately unpersuasive in the context of this particular type of facial challenge:
First, we conclude that the League's "additional qualification" argument is defeated by concessions the League makes and by Wisconsin Supreme Court precedent addressing the authority of the legislature to enact laws allowing officials to ascertain at the polls which potential voters are qualified to vote. The League has not shown that the photo identification requirement is on its face an "additional qualification" for voting, as opposed to a voter registration regulation that allows election officials "to ascertain whether the person offering to vote possessed the qualifications required." See State ex rel. Cothren v. Lean, 9 Wis. 254, [*279], 258, [*283] (1859).
Second, we reject the League's additional, implied argument that the requirement is unconstitutional under *391 the Article III right to suffrage because it imposes a restriction that is, on its face, so burdensome that it effectively denies potential voters their right to vote, and is therefore constitutionally "unreasonable." We express no opinion as to whether such an argument might have merit if supported by fact finding regarding the burdens imposed. However, in this facial challenge in which the League does not rely on any fact finding or evidentiary material, the implied argument falls short.
Finally, as to the argument that, even if the requirement is not an "additional qualification" or constitutionally "unreasonable," the legislature exceeded its authority in enacting it, we conclude that this argument collapses with a concession by the League, which we believe is a warranted concession. The concession is that the legislature has implicit but broad constitutional authority to establish a voting registration system under which election officials may require potential voters to identify themselves as registered voters, including by requesting photo identification.
League of Women Voters v. Walker, 2013 WI App 77, ¶¶ 3-5, 348 Wis. 2d 714, 834 N.W.2d 393.
¶ 67. The problem for the plaintiffs is that implicit in and essential to the registration process is the necessity of confirming the identity of the voter at the polling place. A facial challenge to a more onerous identification requirement, such as a requirement for every voter to show a current passport or a group of documents, might conceivably be successful, but a facial challenge to a requirement of the kind of photo identification requirements at issue here cannot prevail. The test for a purely facial challenge, as noted before, is not whether the law is ever unconstitutional but whether it is always and in every application unconstitutional.
*392 III. CONCLUSION
¶ 68. The question here is not whether the photo voter identification law is good policy, but whether the plaintiffs have proved beyond a reasonable doubt that the Act violates the Wisconsin Constitution on any of the grounds claimed by these plaintiffs. Given the framework within which the question must be answered, I agree with the holding of the majority that the plaintiffs have not shown beyond a reasonable doubt that the statute is unconstitutional, and I join that holding and the mandate. I can reach no other conclusion than to uphold Act 23 based on the purely facial challenge here. I therefore respectfully concur.

 United States v. Salerno, 481 U.S. 739, 745 (1987).

 See Gibson v. State, 47 Wis. 2d 810, 819-20, 177 N.W.2d 912, 917 (1970) (holding that presumption that counsel has fulfilled his duty of proper representation "is dispositive of the defendant's claim" where there was no evidence to the contrary) and Wisconsin Dep't of Revenue v. Menasha Corp., 2008 WI 88, ¶ 109, 311 Wis. 2d 579, 754 N.W.2d 95 (Crooks, J., concurring) (stating that "resolving the issue of deference is key to a correct decision in this case"), and David R. Dow, The Equal Protection Clause and the Legislative Redistricting Cases-Some Notes Concerning the Standing of White Plaintiffs, 81 Minn. L. Rev. 1123, 1130 (1997) (stating that in redistricting cases, for example, "The issue of which standard of review to use is pivotal because the choice of standard typically dictates the outcome.")

 Tammy W. G. v. Jacob T, 2011 WI 30, ¶ 46, 333 Wis. 2d 273, 797 N.W.2d 854.

 State v. Cole, 2003 WI 112, ¶ 11, 264 Wis. 2d 520, 665 N.W.2d 328.

 Monroe Cnty. Dep't of Human Servs. v. Kelli B., 2004 WI 48, ¶ 16, 271 Wis. 2d 51, 2 678 N.W.2d 831.

 Wis. Const, art. Ill, § 1, states "Every United States citizen age 18 or older who is a resident of an election district in this state is a qualified elector of that district."

 Knowlton v. Williams, 5 Wis. 308, 316 (1856).

 Cothren v. Lean, 9 Wis. 279, 283 (1859).

 Dells v. Kennedy, 49 Wis. 555, 556, 6 N.W. 246 (1880).

 Dells, 49 Wis. 555, 558 (stating that "a registry law can be sustained only, if at all, as providing a reasonable mode or method by which the constitutional qualifications of an elector may be ascertained and determined, or as regulating reasonably the exercise of the constitutional right to vote at an election" (emphasis added)).

 Article III, Section 2 of the Wisconsin Constitution states, "Laws may be enacted: (1) Defining residency. (2) Providing for registration of electors. (3) Providing for absentee voting----"