GIMBEL BROTHERS, Appellant, vs. KELLY and others, Respondents.

*January 15—February 10, 1920.*

*Courts: Civil court of Milwaukee county: Appeal to circuit court: Partnership: Effect of failure to establish the fact of partnership: Dismissal of action.*

In an action brought in the civil court of Milwaukee county against an alleged partnership, wherein the fact of partnership was not established, it was not error for the circuit court to direct the dismissal of the action, instead of sending it back for a new trial, under sec. 3072m, Stats., the judgment not being reversed because of the error in pleading or procedure, but because no cause of action as alleged in the pleadings existed in plaintiff's favor.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Partnership. The plaintiff commenced this action against the defendants as copartners to recover $498.07, the value of certain merchandise furnished by the plaintiff to the firm in connection with the operation of a business under the style of Marjory O'Farrell's Beauty Shop. The plaintiff had judgment in the civil court for the amount claimed, with interest and costs. On the hearing in the circuit court the judgment of the civil court was reversed, and the case remanded to the civil court with instructions to dismiss the complaint of the plaintiff. From the judgment of the circuit court the plaintiff appeals.

For the appellant there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter L. Gold*.

For the respondents there was a brief by *John S. Maxwell*, attorney, and *Frank T. Boesel*, of counsel, both of Milwaukee, and oral argument by *Mr. Boesel*.

ROSENBERRY, J. It is the claim of the plaintiff that the partnership of the defendants is established as a fact, and second, that, failing the establishment of the partnership as a fact, the defendants are by their conduct estopped from denying the existence of the partnership.

No useful purpose would be served by setting out at length the details upon which these claims are based. We have made a careful examination of the record, from which we are convinced that the circuit court was right in holding that there was no evidence of partnership as a fact, and no evidence of partnership by way of estoppel.

It appears that the defendant *Kelly* on behalf of the *King-Kelly Company* signed a guaranty or order for goods to be delivered to *Mrs. Farrell*, not exceeding $100. It is now claimed that the judgment of the circuit court in directing the dismissal of the action is erroneous because under the provision of sec. 3072*m*, Stats., the cause should have been sent back for a new trial. There was no error in this

case as to any matter of pleading or procedure.   The judgment was reversed not because of error in the matter of pleading or procedure, but because no cause of action such as alleged in the pleadings exists in favor of plaintiff against the defendants.   No other cause of action was pleaded or attempted to be pleaded.   Therefore the circuit court was right in directing the dismissal of the action.

*By the Court.*—Judgment affirmed.