ZBIKOWSKI, Appellant, vs. STRAZ, Respondent.

*October 11—November 8, 1940.*

*Lyman G. Wheeler* of Milwaukee, for the appellant.

*J. Elmer Lehr,* attorney, and *William Kay* of counsel, both of Milwaukee, for the respondent.

Fritz, J.    Straz's motion in this court to dismiss the appeal is based upon his contentions that no judgment was entered in the circuit court because its adjudication on September 25, 1939, and the entry thereof on its records on September 26, 1939, was not in the form of a judgment from which an appeal could be taken after ninety days from the service thereof on September 28, 1939; and that, as no appeal was taken therefrom within that period and the record was thereupon returned to the civil court which entered a judgment in compliance with the circuit court's order, the latter court lost jurisdiction of the civil court record.    Whether these matters afford sufficient basis for granting Straz's motion to dismiss depends upon whether the determination made by the circuit court on September 25, 1939, constituted a *judgment* of that court or whether it was merely an *order.*    These terms are defined in sec. 270.53, Stats., as follows:

"(1)  A judgment is the final determination of the rights of the parties in the action.

"(2)  Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

It is well established in this state that,—

". . . if the court pronounces judgment from the bench, and all that remains to be done is the clerical duty of reducing the

judgment to writing or entering the same, or both, the judicial act is complete." *Comstock v. Boyle,* 134 Wis. 613, 617, 114 N. W. 1110; *State ex rel. Wingenter v. Circuit Court,* 211 Wis. 561, 564, 248 N. W. 413.

In the case at bar the pronouncement by the court in its written decision of September 25, 1939, that "The judgment of the civil court must be reversed," and that "Judgment dismissing plaintiff's complaint with costs should be entered, together with $10 costs," etc.; and likewise the statement in the formal instrument which was drawn up by Straz's counsel and signed by the court on September 26, 1939, that the "judgment of the civil court . . . be, and the same is hereby reversed, and the complaint of the plaintiff dismissed as to said defendant, with costs in the civil court; and, defendant take nothing upon his counterclaim," constituted a final determination of the rights of parties and thereby the judicial act was completed. Consequently, that determination as stated in the court's decision of September 25, 1939, and again embodied in the formal instrument signed on September 26, 1939, was a judgment under the definition of that term in sec. 270.53 (1), Stats., as well as the established rule quoted above.

In form and legal effect the determination in question was substantially analogous to the circuit court determination on an appeal from a county court, which was involved in *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W. 558, and which read as follows:

"Ordered that the aforesaid order entered and made by the said county court on the 14th day of August, 1900, be and the same is hereby set aside, vacated and overruled."

In passing upon the contention that this determination was but an order and not a judgment which was appealable, this court then said (pp. 106, 107):

"Whether the determination of a court is an order or a judgment within the meaning of the appeal statute, cannot always be solved by mere form. The nature of the adjudica-

tion and of the proceeding must be considered. A proceeding upon an appeal, as regards the appellate court is an action, or a proceeding in the nature of an action, and the decision is a final determination of the rights of the parties in respect thereto. Sec. 2882, Stats. 1898 [now sec. 270.53 (1), Stats. 1939]. Every appeal to the circuit court, to all intents and purposes, is an action in such court. It is 'an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right or the redress or prevention of a wrong.' Sec. 2595, Stats. 1898. ... The determination of the appeal was a final determination of the rights of the parties in respect to the matter at issue as regards the power of the circuit court, hence a judgment of that court."

The conclusions thus stated are likewise applicable in the case at bar. Consequently, as the final determination in question was a judgment, Zbikowski was entitled to appeal therefrom to this court at any time within six months from the date of the entry thereof on September 25, 1939; and he could not be deprived of that right by any subsequent act on the part of either the circuit or the civil court, unless the judgment was vacated or modified by the circuit court in proceedings proper for that purpose so that he would no longer be aggrieved thereby. Neither the provision in the formal instrument subsequently prepared by Straz's counsel and signed by the circuit court on September 26, 1939, which directed the return of the record to the civil court, nor the return thereof to the latter and the attempted entry of judgment in that court could operate to defeat Zbikowski's rights under his notice of appeal which was served March 15, 1940. The decision in *Gimbel Bros. v. Kelly,* 170 Wis. 637, 176 N. W. 61, is not applicable to the issues on this motion. In that case a similar determination by the circuit court was apparently considered by all parties to be a judgment and the right to an appeal therefrom as from a judgment was not questioned. The only issue considered and decided was whether the circuit court erred in directing the

dismissal of the action instead of sending the cause back to the civil court for a new trial.

It follows that the motion to dismiss the appeal must be denied.

*By the Court.*—Motion denied with $25 costs.