Kling and others, Respondents, vs. Sommers, Appellant.

*January 16—February 17, 1948.*

218

*J. E. O'Brien* of Fond du Lac, for the appellant.

*Benton, Bosser, Becker, Parnell & Fulton* of Appleton, for the respondents.

ROSENBERRY, C. J. The motion to dismiss was argued orally and briefs were submitted by the parties. The question for decision is: Was the determination of June 7, 1947, which denied defendant's motion, a judgment or an order? A consideration amount of argument was indulged in on the hearing, involving the right of the trial court to proceed with the foreclosure of the mortgage and confirmation of the sale on the ground that under the Soldiers and Sailors Civil Relief Act the proceedings should have been stayed. Unless there is an effective appeal none of these matters are properly before this court for the reason that in the absence of an effective appeal this court has no jurisdiction. Therefore, the only question to be determined is whether the determination of June 7th is an order or a judgment. If it is an order the appeal was not taken within the time limited by law.

It is considered that this case was ruled against the contention of the defendant and appellant by the case of *Newlander v. Riverview Realty Co.* 238 Wis. 211, 298 N. W. 603. In that case there was a motion to dismiss the appeal on the ground that the appellant had not served the notice of appeal on the movants, who were jointly and severally bound by the appellant by the purported judgment contained in the order of December 26, 1940. This court held that while the language was the language of a judgment the determination of the court was in fact an order in a proceeding at the foot of the judgment. Sec. 270.53, Stats., which defines "judgment" and "order."

In view of the contentions made here we shall supplement what was said in *Newlander v. Riverview Realty Co., supra.* As was pointed out in the *Newlander Case* the mere fact that an order may make a final determination as to certain rights of parties does not make it a judgment. Therefore all determinations entered in special proceedings are orders and not judgments by statutory definition. The matter was discussed to considerable extent in the case of *In re Henry S. Cooper, Inc.,* 240 Wis. 377, 2 N. W. (2d) 866. In this case it appears from a mere statement of the facts that the question for decision by the trial court was brought on for hearing by a motion. It is a matter not within the issues made by the pleadings. Sec. 262.01, Stats., provides: "A civil action in a court of record shall be commenced by the service of a summons or an original writ." The proceeding in which the determination of the court was rendered in this case was instituted by a motion. An order to show cause is equivalent to a notice of motion and the court proceeds thereon as upon a motion. *Gimbel v. Wehr,* 165 Wis. 1, 160 N. W. 1080; *State ex rel. Ashley v. Circuit Court,* 219 Wis. 38, 261 N. W. 737. If the contention of the defendant and appellant in this case were sustained, then practically every order made in the course of litigation would be a judgment, because with comparatively few exceptions the effect of the order is to make a final determination as to some controversy. It is so nearly self-evident that a determination made upon a motion is an order and not a judgment under the statutory definition and the decisions of this court that it needs no further elucidation.

*By the Court.*—Appeal dismissed.