Currie, J.
 

 On this appeal the appellant-defendant raises but one issue, and that is whether the municipal court of Ozaukee county has jurisdiction over the subject matter of an action to enforce a statutory forfeiture. It points to the fact that nowhere in the enunciated powers and jurisdiction of such court, as set forth in the act creating the same,
 
 [1]
 
 is the court specifically given jurisdiction over such type of action.
 

 The state has countered with three contentions, viz.:
 

 (1) That the appeal must be dismissed because not timely taken;
 

 (2) That the judgment rendered by the circuit court for Ozaukee county in the prohibition proceeding is
 
 res judicata
 
 in the instant appeal upon the issue of jurisdiction of the municipal court over the subject matter of the action; and
 

 (3) That an action to enforce a statutory forfeiture is based upon implied contract, and the act creating the municipal court specifically confers jurisdiction upon it to try actions arising out of a contract wherein the amount claimed does not exceed $5,000.
 

 
 *520
 

 Timeliness of Appeal.
 

 Sec. 274.04, Stats., limits the time within which an appeal may be taken to this court from an order to ninety days from the date of service of the notice of entry of the order. On the other hand, under sec. 274.01, the time for taking an appeal to this court from a judgment extends for a period of six months from the date of entry of the judgment.
 

 If the instrument from which the appeal is taken is an order, then the appeal was not timely taken because the notice of appeal was served more than ninety days after the state had served notice of entry of the same upon the defendant. However, if such instrument is in fact a judgment, and not an order, the appeal was taken within six months after its entry. The crucial question to be determined is whether the instrument appealed from is an order or a judgment.
 

 Whether a written direction of a court constitutes a judgment or an order is not to be determined by the designation that the court which entered the same may have placed thereon.
 
 Werner v. Riemer
 
 (1949), 255 Wis. 386, 402, 39 N. W. (2d) 457, 39 N. W. (2d) 917;
 
 Newlander v. Riverview Realty Co.
 
 (1941), 238 Wis. 211, 226, 298 N. W. 603, 135 A. L. R. 383;
 
 Lemon v. Aronson
 
 (1917), 166 Wis. 146, 147, 164 N. W. 820; 5 Callaghan’s, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 289, sec. 37.03. No matter how designated, the test of whether it is an order or a judgment is the statutory definition of each set forth in sec. 270.53, Stats.
 

 Sec. 270.53, Stats., defines “judgment” and “order” as follows:
 

 “(1) A judgment is the final determination of the rights of the parties in the action.
 

 “(2) Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order.”
 

 
 *521
 
 Mr. Chief Justice Rosenberry pointed out in
 
 Kling v. Sommers
 
 (1948), 252 Wis. 217, 220, 31 N. W. (2d) 206, that all determinations entered in special proceedings are orders and not judgments by reason of this statutory definition. Special proceedings • frequently arise out of pending actions. Illustrations of this are an application, pursuant to sec. 260.19 (1), Stats., by one not a party to intervene in the action; and an application by a party, pursuant to sec. 269.57 (1), to inspect documents, books, or property.
 

 Therefore, whether the determination appealed from here is a judgment or an order is dependent on whether the appeal from the municipal court to the circuit court is an action or special proceeding within an action. The affirmance of the municipal court action was a final determination of the rights of the parties so that it constitutes a judgment under the statutory definition unless the appeal itself was a special proceeding and not an action.
 

 We deem the case of
 
 Swarthout v. Swarthout
 
 (1901), 111 Wis. 102, 86 N. W. 558, to be decisive on such question of whether the appeal from the municipal court to the circuit court constitutes an action or special proceeding, and requires that we hold it to be the former. The appeal in that case was from a county court to the circuit court. We quote from the opinion in the
 
 Swarthout Case
 
 as follows (pp. 106, 107):
 

 “Whether the determination of a court is an order or a judgment within the meaning of the appeal statute, cannot always be solved by mere form. The nature of the adjudication and of the proceeding must be considered. A proceeding upon an appeal, as regards the appellate court is an action, or a proceeding in the nature of an action, and the decision is a final determination of the rights of the parties in respect thereto. Sec. 2882, Stats. 1898 [now sec. 270.53 (1), Stats.]. Every appeal to the circuit court, to all intents and purposes, is an action in such court. It is ‘an ordinary proceeding in a court of justice by which a party prosecutes
 
 *522
 
 another party for the enforcement or protection of a right or the redress or prevention of a wrong.’ Sec. 2595, Stats. 1898 [now sec. 260.03, Stats.]. . . . The determination of the appeal was a final determination of the rights of the parties in respect to the matter at issue as regards the power of the circuit court, hence a judgment of that court.”
 

 The foregoing extract from the
 
 Swarthout Case
 
 opinion was cited with approval in
 
 Zbikowski v. Stras
 
 (1940), 236 Wis. 161, 165, 294 N. W. 541, which dealt with an appeal from the civil court of Milwaukee county to the circuit court for that county.
 

 The attorney general in the instant appeal contends that the written direction of the circuit court, which affirmed the judgment of the municipal court, is an order because entered upon motion of the state.
 
 [2]
 
 Because of this it is contended that
 
 Kling v. Sommers, supra,
 
 lays down the rule that any court determination entered pursuant to a motion is an order and not a judgment. We do not consider that this was what was held in the
 
 Kling Case.
 
 In that case the motion was one to set aside an order confirming sale in a mortgage-foreclosure action and the court determined that the instrument which denied the motion was an order and not a judgment. The rationale of such holding was that the matter determined was a special proceeding initiated by motion and not by summons or an original writ. In the instant case the state’s motion to affirm the judgment did not initiate the appeal, and the circuit court’s affirmance constituted a final determination of the appeal, which appeal was an action and not a special proceeding.
 
 Swarthout v. Swarthout, supra.
 

 
 *523
 

 Res Judicata.
 

 The defendant took no appeal from the adjudication made by the circuit court in the prohibition proceeding to the effect that the municipal court had jurisdiction of the subject matter. If the principle of
 
 res judicata
 
 is applicable to such adjudication, the defendant is now precluded from again attempting to litigate such issue on this appeal.
 

 The fact, that the former adjudication, which is claimed to be
 
 res judicata,
 
 decided an issue of jurisdiction of subject matter, does not militate against the conclusiveness of such adjudication as between the same parties. Restatement, Judgments, p. 58, sec. 10, comment
 
 a,
 
 states:
 

 “Even though the decision of the court is erroneous, the parties are bound by it. This is true although the matter decided is the question of the jurisdiction of the court over the subject matter of the suit.”
 

 Neither would the principle of
 
 res judicata
 
 be rendered inapplicable if the former adjudication, which is claimed to be conclusive upon the parties, were rendered in a special proceeding instead of an action.
 
 Rubin v. State
 
 (1927), 194 Wis. 207, 216 N. W. 513; 50 C. J. S., Judgments, p. 33, sec. 610. However, in Wisconsin a prohibition proceeding is an action and not a special proceeding. This is because proceedings initiated by original writs, such as
 
 habeas
 
 corpus, mandamus, and prohibition, are actions and not special proceedings. Sec. 262.01, Stats., 30 W. S. A., p. 9, interpretative commentary under sec. 260.03.
 

 The memorandum opinion filed by the learned circuit judge in the prohibition action stated two grounds upon which the circuit court declined to prohibit the municipal court from proceeding with the trial of the state’s action. One was that there was an adequate remedy by appeal. The other was that the municipal court had jurisdiction of the
 
 *524
 
 subject matter. Where a judgment is based on two alternative grounds, one of which is on the merits, such judgment is
 
 res judicata
 
 with respect to the issue decided on the merits. 50 C. J. S., Judgments, p. 54, sec. 627. Furthermore, the fact, that the judgment did not quash or dismiss the prohibition proceeding but provided for the issuance of a writ of consultation directing the municipal court to proceed, is only consistent with a decision upon the merits. This is because the circuit court could not have directed a court which was charged in the prohibition proceeding with lacking jurisdiction of the subject matter, to proceed and try the action without in effect having decided that it did have such jurisdiction.
 

 We, therefore, conclude that the adjudication made in the prohibition proceeding is
 
 res judicata
 
 upon the issue of the municipal court’s jurisdiction over the subject matter. Because this is the only issue raised by the defendant on appeal, the judgment of the circuit court must be affirmed.
 

 Nature of An Action to Collect a Forfeiture.
 

 Because of our conclusion that the defendant is precluded by the principle of
 
 res judicata
 
 from raising the issue here of the municipal court’s lack of jurisdiction over the subject matter, it becomes unnecessary for us to pass upon the state’s contention that the action to enforce a statutory forfeiture is an action in contract.
 

 By the Court.
 
 — Judgment affirmed.
 

 [1]
 

 Ch. 2, Laws of 1957.
 

 [2]
 

 Sec. 23 (4) of the act creating the municipal court of Ozaukee county (ch. 2, Laws of 1957) permits the respondent to move for such an affirmance, and that such motion be heard upon the original papers and return of the clerk of the municipal court.