**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 12, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP870**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CV872

**IN COURT OF APPEALS
DISTRICT II**

HARRY B. MAINS,

    PLAINTIFF-RESPONDENT,

V.

RUSS DARROW GROUP, INC. AND RUSS DARROW LEASING CO., INC.,

    DEFENDANTS-APPELLANTS.

        APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. *Reversed and cause remanded with directions*.

        Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. The circuit court denied Russ Darrow Group, Inc.'s (Darrow) motion for sanctions and damages against Harry B. Mains (Mains) as being untimely under WIS. STAT. §§ 802.05 and 895.044 (2017-18).[1]   As Darrow's motion was timely, we reverse.

*Facts*

¶2     The facts are not in dispute.  Mains sued his former employer, Darrow, on May 10, 2016.  Darrow answered and alleged that all of Mains' five causes of action, arising out of termination of his employment, were "frivolous and without any reasonable basis in law or equity."  Darrow served Mains with a WIS. STAT. § 802.05 "safe harbor" letter on June 14, 2016, informing Mains and his counsel that if the lawsuit was not dismissed, Darrow would seek sanctions against each of them under § 802.05.  Mains did not withdraw the complaint.  Darrow then brought a motion for judgment on the pleadings on the grounds that Mains' alleged oral contract had no basis in law.  The circuit court denied the motion and allowed Mains to pursue discovery to prove up the oral agreement via writings that Mains alleged were in the possession of Darrow.[2]   Extensive discovery ensued for sixteen months.  Mains did not discover any documents to support his claims.

¶3     Darrow filed for summary judgment on April 30, 2018.  The court granted summary judgment to Darrow on four of Mains' five causes of action, but

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Darrow filed a petition for leave to appeal the order denying the motion for judgment on the pleadings with this court, which we denied.

it allowed Mains' unjust enrichment claim to proceed for further discovery. Following the additional discovery, Darrow filed a renewed motion for summary judgment on the unjust enrichment cause of action, which the court orally granted on August 31, 2018.[3] The court directed Darrow's counsel to prepare the final order of dismissal. Darrow filed the final order and a motion for sanctions and damages pursuant to WIS. STAT. §§ 802.05 and 895.044 on September 27, 2018.

¶4      The court held multiple hearings on Darrow's motion and found the motion "untimely" as it was filed after the court had dismissed Mains' action. The court reasoned: "In order to have an effective sanctions motion, the motion must be filed before the merits of the case are decided…. Any time you wait until after the merits are decided, you've taken away the target's ability to withdraw and to, if you will, bar the motion for sanctions." On appeal, Darrow challenges the order denying its motion for sanctions and damages.

*Analysis*

¶5      Whether a motion is timely under WIS. STAT. §§ 802.05 and 895.044 requires an interpretation and application of the statutes to the facts presented. The interpretation and application of statutes are questions of law that we review independently. ***Phelps v. Physicians Ins. Co. of Wis.***, 2009 WI 74, ¶36, 319 Wis. 2d 1, 768 N.W.2d 615; *see also* ***Trinity Petroleum, Inc. v. Scott Oil Co.***, 2007 WI 88, ¶32, 302 Wis. 2d 299, 735 N.W.2d 1.

---

[3] The Honorable Kathryn W. Foster ruled on the initial motion for summary judgment, which held open the remaining unjust enrichment claim. Judge Foster subsequently retired, and the case was assigned to the Honorable Michael O. Bohren, who granted summary judgment on the final claim.

## 1. WIS. STAT. § 802.05

¶6    WISCONSIN STAT. § 802.05(2) describes the responsibilities of counsel and pro se litigants when making representations to the court:

> (2) Representations to court.  By presenting to the court, whether by signing, filing, submitting, or later advocating a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following:
>
> (a) The paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (b) The claims, defenses, and other legal contentions stated in the paper are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.
>
> (c) The allegations and other factual contentions stated in the paper have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (d) The denials of factual contentions stated in the paper are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Sanctions are discretionary and "may" be imposed/awarded if an attorney or a pro se litigant violates one or more of the responsibilities described above. Sec. 802.05(3).  The "timing" requirement for sanctions under § 802.05 is that the moving party must provide notice to the offending party that it would seek sanctions for a violation of § 802.05(2) and the reasons why (the so-called "safe harbor" provision).  If the offending party does not withdraw or correct the offending pleading, then the party must wait at least twenty-one days before filing the motion with the court.  Sec. 802.05(3)(a)1.  As long as proper notice was given, the court has the authority to "impose an appropriate sanction upon the

attorneys, law firms, or parties that have violated sub. (2) or are responsible for the violation." Sec. 802.05(3).

¶7　On June 14, 2016, approximately a month after Mains filed his complaint in this case, Darrow served its "safe harbor" letter on Mains along with a copy of a Notice of Motion and Motion for Costs and Attorneys' Fee Pursuant to WIS. STAT. § 802.05, that would be filed with the court at a later date, detailing why Main's claims were frivolous. Darrow repeated its assertions of frivolousness in its answer to the complaint. Darrow ultimately filed the motion for sanctions with the court on September, 27, 2018. Darrow's motion for sanctions complied with the requirements under § 802.05(3)(a)1. as it was filed as a separate motion, described the specific conduct which it claimed violated the statute, and was filed more than twenty-one days after the June 14, 2016 safe harbor letter. Accordingly, Darrow's motion for sanctions under § 802.05 was timely filed.

¶8　The crux of Mains' argument on appeal is that Darrow's motion for sanctions was untimely as at the time Darrow filed its motion for sanctions, the court had already ruled on the merits of all of Mains' claims. We disagree as Darrow complied with all requirements of WIS. STAT. § 802.05. There is no explicit prohibition in § 802.05 against filing a motion for sanctions after judgment has been orally granted. *See* ***State v. Schwarz***, 2005 WI 34, ¶20, 279 Wis. 2d 223, 693 N.W.2d 703 ("We will not 'read into the statute language that the legislature did not put in.'" (citation omitted)).

¶9　Mains relies on three cases to support his argument that Darrow's motion for sanctions was untimely: ***Ridder v. City of Springfield***, 109 F.3d 288 (6th Cir. 1997); ***Booth v. American States Ins. Co.***, 199 Wis. 2d 465, 544 N.W.2d 921 (Ct. App. 1996); and ***Northwest Wholesale Lumber, Inc. v. Anderson***, 191

Wis. 2d 278, 528 N.W.2d 502 (Ct. App. 1995). We conclude that these cases are distinguishable.

¶10 ***Ridder***, a Sixth Circuit Court of Appeals case, considered the timing requirements of a motion for sanctions under Rule 11 of the Federal Rule of Civil Procedure (Rule 11).[4] The defendant in ***Ridder*** not only filed the motion for sanctions after the entry of judgment in the case, but the defendant did so without complying with the safe harbor provision. ***Ridder***, 109 F.3d at 291-92, 296. The court concluded that "a motion for Rule 11 sanctions must be served on the opposing party at least twenty-one days before it is filed with or presented to the court; this 'safe harbor' service and delayed filing must be completed prior to final judgment or judicial rejection of the offending contention." ***Ridder***, 109 F.3d at 299.

¶11 ***Ridder*** is distinguishable by the fact that the defendant in ***Ridder*** never filed a "safe harbor" letter, which effectively denied the plaintiff the opportunity to withdraw or cure the offense to avoid sanctions prior to final judgment. Mains, in contrast, was provided the opportunity to avoid sanctions and withdraw his claims prior to the court granting summary judgment as Darrow provided a safe harbor letter well before filing its motion for sanctions.

¶12 ***Northwest*** and ***Booth*** also do not bind this court as to WIS. STAT. § 802.05 under the circumstances. ***Northwest***, decided in 1995, addressed the time in which motions for sanctions must be filed under the former WIS. STAT.

---

[4] Federal decisions construing federal counterparts to Wisconsin Rules of Civil Procedure are persuasive authority, not controlling. ***Wilson v. Continental Ins. Cos.***, 87 Wis. 2d 310, 316, 274 N.W.2d 679 (1979).

§ 814.025 (1993-94) and WIS. STAT. § 802.05(1)(a) (1993-94). The court determined that the phrase "upon judgment," used in § 814.025 (1993-94), required frivolous action motions to be filed before the court enters judgment in the case. *Northwest*, 191 Wis. 2d at 281. Further, although the court acknowledged that § 802.05 (1993-94) was silent as to the time in which motions were required to be filed, it interpreted the statute to include the same requirement. *Northwest*, 191 Wis. 2d at 281-82. It based its analysis on federal authority from the Third Circuit Court of Appeals. *Id.* at 287-90. The *Northwest* court concluded that motions for sanctions are to be filed prior to the entry of judgment. *Id.* at 292-93. *Booth*, decided a year later and relying on *Northwest*, reached the same conclusion. *Booth*, 199 Wis. 2d at 476-78.

¶13 We do not rely on *Northwest* and *Booth* in deciding the issue before us as both of the statutory provisions relied on by the court in those cases have been repealed.[5] As our supreme court explained in *Trinity*, "Supreme Court Order 03-06 *repealed* both WIS. STAT. §§ 802.05 and 814.025 (2003-04), and *recreated* WIS. STAT. [RULE] 802.05 (2005-06)." *Trinity*, 302 Wis. 2d 299, ¶3 (emphasis added). The current § 802.05 is different from the former in two significant ways: (1) it includes the "safe harbor" provision, providing the "non-moving party an opportunity to correct or withdraw its allegedly offending paper," and (2) sanctions are no longer mandatory even if the court finds frivolousness.

---

[5] The current WIS. STAT. § 802.05 was recreated upon the repeal of the former § 802.05 (2003-04) pursuant to S. CT. ORDER 03-06, 2005 WI 38, 278 Wis. 2d xiii (eff. July 1, 2005). *Trinity Petroleum, Inc. v. Scott Oil Co.*, 2007 WI 88, ¶3 & n.2, 302 Wis. 2d 299, 735 N.W.2d 1. The latest version of § 802.05 is patterned after Rule 11 of the Federal Rule of Civil Procedure as amended in 1993. *Trinity*, 302 Wis. 2d 299, ¶49. As a result, our supreme court instructed in its comment to S. CT. ORDER 03-06 that "Judges and practitioners will now be able to look to applicable decisions of federal courts since 1993 for guidance in the interpretation and application of the mandates of Rule 11 in Wisconsin."

*Trinity*, 302 Wis. 2d 299, ¶¶27-28. Accordingly, the current § 802.05 must be interpreted separately and under current, applicable case law.[6] *See Verdoljak v. Mosinee Paper Corp.*, 200 Wis. 2d 624, 547 N.W.2d 602 (1996) ("Further, where a statute has been repealed and recreated on the same subject, any changes in language are presumed to be the result of conscious deliberation on the part of the legislature."). We are not bound by *Northwest* or *Booth* as our case is distinguishable under both the facts and the law.

¶14 We consider *Divane v. Krull Elec. Co.*, 200 F.3d 1020 (7th Cir. 1999), to be persuasive and on point with the facts of this case. In *Divane*, a party moved for sanctions on the nonmoving party's counterclaim after giving the

---

[6] Mains argues, citing to *Reiter v. Dyken*, 95 Wis. 2d 461, 471, 290 N.W.2d 510 (1980), "that when the Wisconsin Supreme Court amended [WIS. STAT. §] 802.05 … [it was] aware of the interpretation of the previous statutes in [*Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis. 2d 278, 528 N.W.2d 502 (Ct. App. 1995)], and [*Booth v. American States Ins. Co.*, 199 Wis. 2d 465, 544 N.W.2d 921 (Ct. App. 1996)], and therefore are strongly presumed to have acquiesced in those interpretations by failing to add corrective language when they had the chance." First, § 802.05 was not amended; it was repealed and recreated. *Trinity*, 302 Wis. 2d 299, ¶3. Further, *Reiter* also explains that "[h]aving authoritatively construed a statute, well-established principles of judicial decision-making require that the chosen construction be maintained *unless and until the legislature either amends or repeals the statute*." *Reiter*, 95 Wis. 2d at 470 (emphasis added). Mains argues that our supreme court could have included language permitting the filing of postjudgment motions for sanctions in § 802.05, and because the court did not, the timeliness requirement from *Northwest* and *Booth* is presumed to continue to apply. We disagree.

The court did adopt a timeliness requirement, although not the one Mains suggests: the twenty-one day notice requirement. Thus, where the former WIS. STAT. § 802.05 did not include any timing requirement, the current § 802.05 now does. Further, the court adopted the language of Rule 11, and while the supreme court was aware of *Northwest* and *Booth* at the time it repealed and recreated § 802.05 to mirror Rule 11, it was also aware of other federal cases, such as *Divane v. Krull Elec. Co.*, 200 F.3d 1020 (7th Cir. 1999), discussed later in this decision, and specifically explained that courts may look to interpretations of Rule 11 by "federal courts since 1993." S. CT. ORDER 03-06. Thus, the *Northwest* court's reliance on *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90 (3d Cir. 1988), which was decided in 1988 and based on Rule 11 prior to it being amended in 1993, is problematic.

required safe harbor notice. The district court found the sanctions motion premature as "the counterclaim raised questions of fact that still had adequate time to be discovered." *Id.* at 1026-27. After being given an additional year to substantiate the factual claims in the counterclaim, the opposing party failed to correct or withdraw its counterclaim. *Id.* at 1027. After judgment was entered, the party again moved for sanctions but without again providing the safe harbor notice. *Id.* at 1024. The district court granted the motion, ordering sanctions in the form of attorney's fees as well as a fee to the court. *Id.*

¶15 On appeal, the seventh circuit upheld the award of sanctions as the moving party effectively complied with the notice procedures in Rule 11(c)(1)(A), explaining:

> Rule 11(c)(1)(A) does not specify any time period when a motion for sanctions must be filed, and we see no need to establish one. The decision to impose sanctions is left to the discretion of the trial court in light of the available evidence. In this case, the court found that "the lack of evidentiary support for defendant's counterclaim could not have been determined until trial was completed." In such circumstances, the interest in deterring further frivolous post-judgment motions by the same litigants or in deterring future litigants may be promoted by a post-judgment request for sanctions. By themselves, the purposes of Rule 11(c)(1)(A) do not justify a broad rule that sanctions cannot be imposed as a result of a motion properly submitted to the court after a judgment.

*Divane*, 200 F.3d at 1025. The court noted that the appellant "asks us to adopt the approach of other circuits, which have held that a district court has abused its discretion by granting a motion for sanctions first submitted to it after the court granted a motion for summary judgment," citing to *Ridder*. *Divane*, 200 F.3d at 1026. The court refused. The seventh circuit agreed with other circuits that the "twenty-one day safe harbor is not merely an empty formality" and concluded that the nonmoving party was given effective warning of the motion. *Id.* at 1026-27.

The court also doubled down on its previous statement in ***Kaplan v. Zenner***, 956 F.2d 149 (7th Cir. 1992)—a pre-1993 Rule 11 amendment case—that "sanctions should be filed, 'as soon as practicable after discovery of a Rule 11 violation'" but that "for purposes of timely filing of a sanctions motion, 'reasonableness is necessarily dictated by the specific facts and circumstances in a given case.'" ***Divane***, 200 F.3d at 1027 (quoting ***Kaplan***, 956 F.2d at 151-52).

¶16 Mains was provided warning at the very beginning of this case that Darrow would seek sanctions and the reasons why. The warning was properly achieved under the statute through service of the motion for sanctions provided on June 14, 2016. At that point, Mains had the opportunity to withdraw his claims, but he failed to do so; instead, Mains engaged in protracted, expensive, and ultimately fruitless discovery.

¶17 In ***Divane***, the district court's initial dismissal of the motion for sanctions as premature "effectively extended the safe harbor for [the nonmoving party] until trial, by which time the factual basis for the answer and counterclaim would have been determined." ***Divane***, 200 F.3d at 1026-27. Similarly, the circuit court in this case was unable to make a determination about whether the claims were frivolous until discovery and summary judgment was completed. Darrow included the same arguments it made in its safe harbor letter and motion for sanctions provided to Mains as it did in its answer to the complaint and motion for judgment on the pleadings. The circuit court found the motion for judgment on the pleadings premature in favor of allowing discovery, effectively pausing a determination on a finding of frivolousness until after discovery was completed. In ***Divane***, the district court found that the counterclaim "never had *any* factual support," ***id.*** at 1028, which mirrors the court's finding in this case. Accordingly, we conclude that Darrow complied with the provisions of WIS. STAT. § 802.05,

and the timing of the filing of the motion for sanctions was not unreasonable under the circumstances.

## 2. WIS. STAT. § 895.044

¶18    Darrow's request under WIS. STAT. § 895.044 was sufficient and timely.  Initially, Darrow only sought sanctions under WIS. STAT. § 802.05 in its safe harbor letter filed with Mains on June 14, 2016.  Darrow did not seek damages under § 895.044 until the September 27, 2018 motion.[7]  On page one of Darrow's September 27, 2018 motion, Darrow moved the court for an order finding the filing and maintaining of Mains' case to be frivolous and asking the court to "award[] Defendants costs and attorneys' fees … pursuant to … §§ 802.05 and 895.044."

¶19    WISCONSIN STAT. § 895.044(2) provides that "[u]pon either party's motion made at any time during the proceeding or upon judgment, … the court:"

> (a) May, if the party served with the motion withdraws … the action … within 21 days after service of the motion … award to the party making the motion, as damages, the actual costs incurred by the party as a result of the action … including the actual reasonable attorney fees the party incurred ….

> (b) Shall, if a withdrawal … is not timely made, award to the party making the motion, as damages, the actual costs … including the actual reasonable attorney fees the party incurred ….

Section 895.044(2) indicates that Darrow could make his motion "at any time during the proceeding or upon judgment."  As indicated, under § 895.044(2)(a), "if

---

[7] Despite Darrow's motion including both WIS. STAT. §§ 802.05 and 895.044, the circuit court only ever addressed it as a motion for sanctions.

the party served with the motion withdraws … the action … within 21 days after service of the motion," the court "may" award actual costs and actual reasonable attorney fees, but under para. (b) "if a withdrawal … under par[a]. (a) is not timely made," the court "shall" award actual costs and actual reasonable attorney fees.

¶20    In this case, Darrow's September 27, 2018 motion was made before "judgment" and "during the proceeding," so it was timely made.  It is undisputed that Darrow filed its motion "during the proceeding," i.e., before judgment, and Mains did not withdraw the action within twenty-one days after service of that motion.  As a result, under the plain language of WIS. STAT. § 895.044, Darrow timely made his motion for costs and fees under this statute, and, thus, this matter should be remanded under that statute with the holding that the September 27, 2018 motion was timely filed.  Mains did not withdraw the action within twenty-one days after service of that motion, and, therefore, Darrow is entitled ("shall") to actual costs and attorney fees pursuant to § 895.044(2)(b) if the court finds upon remand that the action was "commenced, used, or continued in bad faith, solely for purposes of harassing or maliciously injuring another" or Mains or his counsel "knew, or should have known, that the action … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law."  Sec. 895.044(1)(a)-(b).

¶21     Whether we accept, as Mains argued, that **Booth** and **Northwest** are controlling,[8] or whether we accept Darrow's argument that these cases "cannot be relied upon" but "can be helpful in reviewing the language" contained in WIS. STAT. § 895.044, which is "similar to [the repealed] WIS. STAT. § 814.025," we conclude that nothing in those cases conflict with the above analysis. **Booth** summarized the relevant law: "**Northwest Wholesale Lumber** holds only that a motion for costs and attorney fees under § 814.025 … must be filed prior to the entry of judgment…. A party may timely file a motion for costs and attorney fees after reading the opponent's pleadings, briefs, affidavits and other documents as long as the sanctions motion is filed prior to the entry of the judgment." **Booth**, 199 Wis. 2d at 476; *see also* WIS. STAT. § 806.06(1)(b) ("A judgment is *entered* when it is filed in the office of the clerk of court." (emphasis added)). Darrow filed its motion for sanctions and damages on September 27, 2018, and the circuit court's order was entered on October 8, 2018. Assuming **Booth** and **Northwest** apply to a § 895.044 motion like the one before us, those cases only hold that the motion had to be filed before the entry of judgment, which Darrow did.

## *Conclusion*

¶22     As Darrow's motion for sanctions and damages pursuant to WIS. STAT. §§ 802.05 and 895.044 was timely filed, we reverse and remand for the

---

[8] Mains argues that **Booth** and **Northwest** are controlling, but he claims that when the court orally granted summary judgment on Mains' unjust enrichment claim on August 31, 2008, "[p]er **Booth**, this was 'the final determination of the action.'" Mains went on to explain that "[t]he fact that Darrow delayed the process whereby the court could formally enter its written order by not filing its proposed order until it filed its motion for sanctions does not alter the fact that judgment had been ordered in the case, and therefore Darrow's sanctions motion was untimely," citing to **In re Popp's Estate**, 82 Wis. 2d 755, 762, 264 N.W.2d 565 (1978), for the proposition that a judgment is granted when given orally on the record in open court.

court to consider the motion on its merits. The decision as to what sanctions and/or damages per § 802.05 (sanctions) or § 895.044 (damages), if any, are to be imposed upon Mains' counsel or Mains personally is for the court to decide upon remand.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.